UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICK BRANDSRUD,<br><br>              Plaintiff,<br><br>    v.<br><br>XAVIER BECERRA, California,<br>State Attorney General, Department<br>of Justice.<br>              Defendant. | NO. CV 16-164-SVW (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

      Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

      The Second Amended Complaint (SAC) fails to allege that the State or political subdivision thereof provided erroneous information that proximately caused him to be unable to acquire or sell a firearm. In his objections, Plaintiff asks "if the Plaintiff was not convicted for a crime in 1997, then how would the proceedings conducted at the Nunc Pro Tunc Order constitute a conviction against the Plaintiff?" (Obj. at 2.) The Report explains that the premise of Plaintiff's question is incorrect; he was convicted in 1997. The Second Amended Complaint (SAC") alleges that Plaintiff pled no contest to count 2 in 1997. (SAC ¶¶ 12(e), 13(b).) Judge Kalkin issued Orders Re:

Sentence Condition/Probation. (*Id.* ¶ 13(a).) The SAC alleges that "Plaintiff's plea of no contest to count 2 was immaterial." (*Id.* ¶ 13(b).) The Report explains that Plaintiff's legal conclusion that a plea of no contest is immaterial is incorrect. Under California law, a plea of no contest has the same legal effect as a guilty plea, and a plea of guilty is the equivalent of a conviction. (Report at 7.) Nothing remains to be done other than pronouncing judgment and determining punishment. (*Id.*)

The SAC alleges that Plaintiff's father passed away in 2012. Following his appointment as administrator of his father's estate, Plaintiff attempted to sell his father's firearms. At that point, Plaintiff alleges that he received a letter from the California Department of Justice in May 2013 based on his criminal record. (SAC ¶¶ 5-6.) Plaintiff alleges that he filed a petition for writ of error coram nobis, and Judge Oldendorf advised him to set a properly noticed motion on the court's calendar. Plaintiff then filed a motion to vacate the judgment of conviction, which was denied. (*Id.* ¶¶ 8-9.)

Plaintiff's remaining objections are without merit. It is clear that Plaintiff cannot cure the deficiency in his complaint against the California Attorney General.[1]

IT IS ORDERED that (1) Defendant's motion to dismiss the Second Amended Complaint is granted without leave to amend; and (2) Plaintiff's action is dismissed with prejudice.

DATED: May 15, 2018

STEPHEN V. WILSON
United States District Judge

---

[1] Plaintiff states that he will file a suit against the United States under 18 U.S.C. § 925A for an order that a transfer of a firearm be approved.